UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AKEEM N. HENDERSON,

                Plaintiff,

    v.

PIERCE COUNTY, et al.,

                Defendants.

No. C17-5099 RBL-TLF

**REPORT AND RECOMMENDATION**
**Noted For: June 2, 2017**

The defendants move to dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P. 12(b)(6)") (Dkt. 11), and the plaintiff moves to voluntarily dismiss the case without prejudice (Dkt. 15). The defendants do not oppose Mr. Henderson's motion to voluntarily dismiss, but argue that the dismissal should be with prejudice. Dkt. 16.

The undersigned recommends that the Court grant the plaintiff's motion to dismiss without prejudice, and deny the defendants' motion to dismiss as moot.

## BACKGROUND

Mr. Henderson signed his civil rights complaint on November 6, 2016. Dkt. 2-2, p. 40. An action was commenced in the Thurston County Superior Court on December 7, 2016. Dkt. 1. On February 9, 2017, Defendant Pierce County removed the case to this court. Dkts. 7 and 8. On February 24, 2017, Defendants Terry Lane, Mark Lindquist, Paul Pastor, Pierce County, and

REPORT AND RECOMMENDATION - 1

Stanley J. Rumbaugh moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 11. On April 17, 2017, Mr. Henderson filed his motion to voluntarily dismiss without prejudice. Dkt. 15.

**DISCUSSION**

When deciding whether a case should be dismissed without prejudice on a plaintiff's motion for voluntary dismissal, the trial court is guided by Fed. R. Civ. P. 41(a)(1):

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.... Unless otherwise stated in the notice of dismissal ..., the dismissal is without prejudice....

The foregoing language "leaves little room for interpretation. Until an adverse party files an answer or a motion for summary judgment, the plaintiff can have the action dismissed merely by filing a notice of dismissal with the clerk." *Hamilton v. Shearson-Lehman American Express, Inc.*, 813 F.2d 1532 (9th Cir. 1987). As the United States Court of Appeals for the Ninth Circuit has observed, "[o]nce the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir.2001). The defendants may prevent unilateral dismissal by filing an answer or a motion for summary judgment before any such motion is filed by the plaintiff. *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003).

Mr. Henderson filed his complaint in state court in December 2016. Defendants filed a motion for removal and a motion to dismiss pursuant to Rule 12(b)(6) in February 2017. Defendants have not filed an answer or a motion for summary judgment.

Accordingly, Mr. Henderson's motion to dismiss without prejudice should be granted and defendants' motion to dismiss should be denied as moot.

**WRITTEN OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 2, 2017**, as noted in the caption.

**DATED** this 12th day of May, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3